**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STATE OF OHIO,                                        Case No. 1:22-cv-660

      Plaintiff,

                                    Cole, J.
         v.                                        Bowman, M.J.

RODERICK JABURI BEY,

      Defendant.

**REPORT AND RECOMMENDATION**

The above captioned case was removed to this Court by the *pro se* Defendant, who has simultaneously moved for leave to proceed *in forma pauperis*. The undersigned now recommends the *sua sponte* dismissal and summary remand of this action based upon improper removal and lack of subject matter jurisdiction.

    **I.**    **Background**

On November 14, 2022, a person who identifies himself as "Roderick Jaburi Bey"[1] filed a document that has been docketed as a "Notice of Removal" in this federal Court. Although the cover sheet for this case identifies it as a civil case removed under "federal question" jurisdiction, (*see* Docs. 1-3 and 1-4), the documents of record make clear that it is nothing of the sort. Instead, it is apparent that Defendant is attempting to "remove" to this Court as a new <u>civil</u> case an existing <u>criminal</u> case filed against Defendant in the Hamilton County Court of Common Pleas. *See* Hamilton County Criminal Case No. B2202206. According to the publicly available electronic records of the state court, the

---

[1]The undersigned infers, based upon scattered references throughout the record, that the same individual formerly has been known as "Roderick Antonio Jabari Moore." (*See* Doc. 1-2 at 4, PageID 21).

referenced criminal case charges Defendant with eight counts: three charges of trafficking in drugs including fentanyl-related compounds; two charges of having weapons while under a disability; an aggravated possession charge; and two charges of possession of a fentanyl-related compound.

As a basis for removal, Defendant's 12-page single-spaced "Notice of Removal" contains numerous nonsensical allegations that closely resemble many similar filings made by "sovereign citizens."   For example, Defendant identifies himself in relevant part as follows:

> COMES NOW, Roderick Jabari Bey, In Propria Persona, Sui Juris (not to be confused with Pro se). Aboriginal Indigenous Moorish-American; possessing Free-hold by Inheritance status; standing squarely affirmed and bound to the Zodiac Constitution, with all due respect and honors given to the Constitution for the United States Republic. North America. Being a descendant of Moroccans and born in America, with the blood of the Ancient Moabites from the land of Moab, who received permission from the Pharaohs of Egypt to settle and inhabit North-West Africa / North Gate. The Moors arc the founders and are the true possessors of the present Moroccan Empire; with our Canaanite, Hittite and Amorite brethren, who sojourned from the land of Canaan, seeking new homes.

(Doc. 1-1 at 2, PageID 7).

The "Notice of Removal" goes on to allege that the criminal proceedings against Defendant in state court are unconstitutional and unlawful, based in part upon Defendant's belief that the State of Ohio is "an unconstitutional, private corporation." (Doc. 1-1 at 3, PageID 8; *see also id*., "notifying all parties of the Petitioner's Moorish American (Identification / Status) and that the Petitioner was not, is not, and does not, waive any Inalienable Rights to due process…."). Towards the end of the Notice of Removal is a demand for monetary damages sought by Defendant in this federal court against a long

2

list of governmental entities and individuals loosely associated with the ongoing state criminal court proceedings. (Doc. 1-1 at 12).

In addition to his Notice of Removal, Defendant has filed 23 pages of what have been identified in the docket sheet as "State Court Documents." (Doc. 1-2). Whether all of the documents previously have been filed in the related state court criminal record is not entirely clear. What is clear is that the referenced documents all reflect the same nonsensical beliefs concerning the alleged illegitimacy of the court system and the state criminal proceedings. (*See*, *e.g.,* Doc. 1-2 at 1, "Letter Rogatory for Relief," alleging in part that the Hamilton County Court of Common Pleas "is not really a court…but rather a military tribunal under Admiralty jurisdiction….operated as a private, for profit corporation listed on Dun and Bradstreet," that "[a]ll cases are civil, though often fraudulently called criminal," and that "[a]fter finding the alleged Defendant guilty, the court clerks sell the judgments to the Federal Courts," and that international bankers "have concocted a reverse trust scheme…."; *see also* Doc. 1-2 at 6-8 and 15-17, "Notice of Appearance, Mandatory Judicial Notice, Motion to Dismiss, Notice of Subrogation"; Doc. 1-2 at 18-19, "Affidavit of Title (Statement of Beneficial Ownership"; Doc. 1-2 at 20-23, "Transmittal Letter" demanding Defendant's "right to subrogation.").

## II.    Analysis

Upon *sua sponte* review, the undersigned has determined that the attempted removal of the state court criminal action is improper. For the reasons that follow, this case should be summarily dismissed and remanded to state court. As noted, the documents filed in this removal action incorporate verbiage commonly used in "sovereign

citizen" cases.   The Sixth Circuit has affirmed the summary dismissal of such cases and defenses in many contexts, as have other courts around the country. *See e,g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases and noting that Defendant's "legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans."); *El Bey v. Doe*, 2017 WL 3923753 (W.D.N.Y., 2017) (dismissing federal habeas corpus case based upon "Moorish claims.").

A more fundamental problem, however, is the lack of any federal subject matter jurisdiction for the removal of this case.   Federal courts are courts of limited jurisdiction, and may examine jurisdictional issues *sua sponte*.   A challenge to subject matter jurisdiction over a removed case may be raised at any time before final judgment. *See Page v. City of Southfield,* 45 F.3d 128, 133 (6th Cir.1995) ("[L]ack of subject matter jurisdiction ... requires the court to remand at any time prior to final judgment."); *accord* Rule 12(h)(3), Fed. R. Civ. P.   "A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." *Lexington-Fayette Urban County Government Civil Service Comm'n v. Overstreet*, 115 Fed. Appx. 813, 816-17 (6th Cir. 2004)

The limits of subject matter jurisdiction cannot be expanded through the improper removal of an action from state court.   In order for removal jurisdiction to exist for Defendant to remove a <u>civil</u> case from state to federal court, there must have been a "civil action brought in a State court of which the district courts of the United States have

original jurisdiction." 28 U.S.C. § 1441(a). Here, Defendant is not attempting to remove a civil case, but instead is attempting to remove a criminal case, in which he is being prosecuted by the State of Ohio. Defendant cannot magically transform a state case in which he is a criminal defendant into a civil lawsuit that he is prosecuting against the State of Ohio.

In addition to the lack of any authority to transform a state criminal case into a federal civil case through the act of removal, Defendant has failed to show any rational basis to support federal question or diversity jurisdiction for a civil lawsuit based upon the State of Ohio's original criminal complaint.[2]

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

Defendant would fare no better if he is attempting to remove his state criminal case to this Court under the operable federal criminal removal statutes. "Under federal law, state criminal proceedings may be removed to federal court in only rare circumstances." *Michigan v. Mixon*, 2021 WL 1439706, at *1 (E.D. Mich., April 16, 2021). Defendant also does not set forth any "short and plain statement of the grounds for removal" under 28

---

[2]Defendant implies that diversity jurisdiction exists by asserting that he is a citizen of a "foreign nation." (Doc. 1-3 at 1). Although he admits he was born in America and has an Ohio address, he alleges he is descended from the ancient Moors. *(See* Doc. 1-1 at 2). Needless to say, Defendant's "sovereign citizen" beliefs are not a cognizable basis for diversity jurisdiction. In any event, it is the original state court complaint, and not the new allegations in the Notice of Removal, that the federal court examines to determine the basis for jurisdiction.

U.S.C. § 1455 or any other authority that would support removal of the Hamilton County proceeding to this Court.   *See generally, Michigan v. McGrath*, 2021 WL 1178633, at *1 (W.D. Mich. March 9, 2021).

In sum, whether considered as an improperly removed civil case or an improperly removed criminal case, summary remand is appropriate.   *Accord Ohio v. Murrell*, Case No. 1:21-cv-388, 2021 WL 3510314, at *1 (S.D. Ohio, Aug. 10, 2021), adopted at 2021 WL 3883913 (S.D. Ohio, Aug. 31, 2021) (summarily remanding improperly removed criminal case); *Ohio v. Horton*, Case No. 1:19-cv-838-SKB-SJD, 2019 WL 5059992, at *2 (S.D. Ohio, October 9, 2019), adopted in part, remanded and dismissed without prejudice at 2019 WL 5696065 (S.D. Ohio Nov. 4, 2019) (same).

### III.   Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED:**

1. This case should be immediately dismissed and **REMANDED** to the Hamilton County Court of Common Pleas from which it was improperly removed;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Defendant leave to appeal *in forma pauperis*.   Defendant remains free to apply to proceed *in forma pauperis* in the Court of Appeals.


   *s/Stephanie K. Bowman*_____
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STATE OF OHIO,                                                    Case No. 1:22-cv-660

      Plaintiff,

                                  Cole, J.

      v.                                                          Bowman, M.J.

RODERICK JABURI BEY,

      Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7