## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**STATE OF OHIO,**

      **Plaintiff,**

                      **Case No. 1:22-cv-660**

    **v.**                     **JUDGE DOUGLAS R. COLE**

                      **Magistrate Judge Bowman**

**RODERICK JABARI BEY,**

      **Defendant.**

### ORDER

Defendant Roderick Jabari Bey removed his pending case in the Hamilton County Court of Common Pleas to this Court on November 22, 2022. (Doc. 4). The Magistrate Judge's November 22, 2022, Report and Recommendation ("R&R," Doc. 5) recommends that this Court sua sponte dismiss the case and remand it back to state court because this Court lacks subject matter jurisdiction. For the reasons below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 5) in full. The Court **DISMISSES** the case **WITHOUT PREJUDICE** and **REMANDS** the matter to the Hamilton County Court of Common Pleas.

Bey, who also apparently goes by Roderick Antonio Jabari Moore, appears to be the defendant in a pending criminal case in Hamilton County. (Doc. 4, #109). He moved for leave to proceed in forma pauperis with his Notice of Removal on November 14, 2022. (Doc. 1). That Notice of Removal is mostly incomprehensible but seems to express Bey's desire to turn his state criminal case, in which he is the defendant, into a federal civil case, in which he is the plaintiff. (*See generally* Doc. 4, #109–10).

The Magistrate Judge granted Bey's Motion (Doc. 3) and ordered his Notice of Removal (Doc. 4) filed on November 22. That same day, the Magistrate Judge issued the R&R. (Doc. 5). That R&R recommends that this Court dismiss the case and remand it to state court because this Court lacks subject matter jurisdiction. (*Id.* at #145).

The R&R also advised the parties that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.* at #151). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Neither party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). The Court has done so here and finds no clear error.

Put simply, Bey has identified no grounds for this case to be in federal court. Instead, he repeats "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans" throughout his Notice of Removal. *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017). The Magistrate Judge correctly notes both that Bey cannot "magically transform" the state criminal

case against him into a federal civil case against the state and that Bey has identified no basis for federal question or diversity jurisdiction that would permit a federal civil suit. (*See* Doc. 5, #149). It is thus not error, let alone clear error, to conclude that the Court should dismiss and remand this case. *See* Fed. R. Civ. P. 12(h)(3) ("A federal court may remand a case sua sponte where the allegations of the complaint … are insufficient to confer subject matter jurisdiction on the court.").

For this reason, the Court **ADOPTS** the R&R's (Doc. 5) recommendation. So the Court **DISMISSES** this case **WITHOUT PREJUDICE** and **REMANDS** the matter to the Hamilton County, Ohio, Court of Common Pleas. The Court further **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that Bey cannot appeal this Order in good faith and therefore **DENIES** him leave to appeal in forma pauperis. And the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

     **SO ORDERED.**

January 19, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**